IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR288** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **EDWARD J. O'NEILL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 48, 49). See "Order on Sentencing Schedule," ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The parties have objected to the quantity of controlled substance attributable to the Defendant in ¶ 38 and the base offense level 38. The plea agreement recommends a base offense level of 34 based on a drug quantity of at least 1.5 but less than 5 kilograms of a mixture or substance containing methamphetamine. The Court's tentative findings are that, absent unusual circumstances, the plea agreement should be upheld and the base offense level should be calculated as level 34.

The Defendant also objects to ¶ 70, which adds 2 additional criminal history points under U.S.S.G. § 4A1.1(e) for recency. The Defendant argues that the instant offense was not committed within two years of his release from the sentence imposed for the offense listed in ¶ 67. Defendant does not object to any underlying factual portions of the PSR. According to the Addendum to the PSR, the Defendant was released from prison on December 1, 2003, for the offense described in ¶ 67. He pleaded guilty to Counts I and

III of the Indictment.  Count I charged him with a conspiracy beginning from an unknown date but at least as early as April 2005.  (Filing No. 1.)  The Defendant did not object when, during the government's version of offense stated at the change of plea hearing, the government's attorney stated that several cooperating individuals proffered that they had methamphetamine transactions with the Defendant as early as April of 2005.  (Filing No. 26-27.)  As explained in the Addendum, the relevant dates are within two years, and the Court's tentative finding is that the objection to ¶ 70 is denied.

IT IS ORDERED:

1. The Court's tentative findings are that the parties' objections (Filing Nos. 48, 49) to ¶ 38 (drug quantity) of the PSR are granted;

2. The Court's tentative finding that the Defendant's objection to ¶ 70 (recency) is denied;

3. The parties are notified that my tentative findings are that the PSR is correct in all other respects;

4. If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this order, my tentative findings may become final;

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 2nd day of May, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge